**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celeste Edwards McMillan, ) | No. CV-06-2866-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| James M. Edwards and Jennifer L. ) Edwards, ) | |
| Defendants. ) | |

Pending before the Court is Defendants/Counter-Plaintiffs' Motion to Partially Dismiss (Doc. #32). The Court now rules on the motion.

**I.  BACKGROUND**

On a motion to dismiss, the Court must construe the facts alleged in the Complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Viewing the allegations in the light most favorable to Plaintiff Celeste McMillan, Defendant James E. Edwards borrowed $200,000 from Ms. McMillan and has not repaid any of that sum.

On January 2, 2003, Ms. McMillan and Mr. Edwards agreed that Ms. McMillan would loan $100,000 to Mr. Edwards. (Compl. ¶5 ). Ms. McMillan gave Mr. Edwards a personal check (Check No. 4057) for $100,000 to fund the loan. (Id.). Mr. Edwards cashed the check on January 3, 2003. (Compl. ¶6). Since then, Mr. Edwards has acknowledged on multiple occasions that he must repay Ms. McMillan pursuant to the loan. (Compl. ¶7). Mr. Edwards

1  has not paid Ms. McMillan the amounts due under that loan. (Compl. ¶8).

2  Ms. McMillan and Mr. Edwards entered into another loan agreement on March 17, 2004. (Compl. ¶9). Pursuant to that agreement, Mr. Edwards was supposed to invest $100,000 on Ms. McMillan's behalf. (Id.). Ms. McMillan gave Mr. Edwards another personal check (Check No. 4390) for $100,000. (Id.).

6  Mr. Edwards told Ms. McMillan that he traded securities for the benefit of investors for a living. (Compl. ¶10). But he did not invest her $100,000 as promised. (Compl. ¶11). Although Mr. Edwards has acknowledged on multiple occasions that he owes Ms. McMillan her money, he has not accounted for the $100,000 he received or paid back any of that money. (Compl. ¶¶12-13).

11  Ms. McMillan filed the present suit on November 29, 2006. Mr. Edwards moved to dismiss the allegations regarding the $100,000 received in January of 2003 pursuant to the applicable Arizona statute of limitation.

14  **II.  ANALYSIS AND CONCLUSION**

15  **A.  RULE 12(b)(6)**

16  Mr. Edwards has moved to dismiss the allegations regarding the January 2003 check for $100,000 pursuant to A.R.S. §12-543, the applicable Arizona statute of limitation. Both parties agree that A.R.S. §12-543 governs this case. A.R.S. §12-543 provides in pertinent part, "There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions: For debt where the indebtedness is not evidenced by a contract in writing."

22  Arizona civil statutes of limitation are not jurisdictional. *Trujillo v. Trujillo*, 252 P.2d 1071, 1072 (Ariz. 1953); *Osuna v. Wal-Mart Stores, Inc.*, 151 P.3d 1267, 1271 n.4 (Ariz. Ct. App. 2007). Because they are not jurisdictional, the proper method for raising a limitation defense is a motion to dismiss under 12(b)(6) for failure to state a claim, not a motion under 12(b)(1) for lack of subject matter jurisdiction. *Supermail Cargo Inc. v. U.S.*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995); *Pritchard v. Arizona*, 788 P.2d 1178, 1183 (Ariz. 1990).

28  The Court generally cannot consider matters outside the pleadings when ruling on a

- 2 -

1 12(b)(6) motion to dismiss. *Hal Roach Studios Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Gatecliff v. Great Republic Ins. Co.*, 744 P.2d 29, 33 (Ariz. Ct. App. 1987). The Court, however, may consider material properly submitted as part of the Complaint. *Hal Roach*, 896 F.2d at 1555 n.19. Therefore, the only papers properly before the Court on this 12(b)(6) motion to partially dismiss Plaintiff's claims are the Complaint and the two exhibits to the Complaint. The Court will not consider anything outside those pleadings in ruling on the motion.

### B.   STATUTE OF LIMITATIONS DEFENSE

Mr. Edwards argues that A.R.S. §12-543 bars recovery for Ms. McMillan's claims relating to the January 2003 check. He contends that Ms. McMillan's claims on that check accrued as soon as they entered into the loan agreement in January of 2003 because either: 1) the loan agreement was silent as to the time for repayment or 2) a term of "timely repayment"[1] is so indefinite as to be akin to silence. *Estate of Musgrove*, 696 P.2d 720, 723-24 (Ariz. Ct. App. 1985). Ms. McMillan did not file this action until November of 2006. Mr. Edwards therefore argues that the three-year limitation had run by the time Ms. McMillan brought suit.

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). However, even if the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d

---

[1] Ms. McMillan attached an affidavit to her Application for Issuance of a Provisional Remedy (Doc. #3) in which she stated that the parties agreed that Mr. Edwards would repay the January 2003 loan in a timely fashion. But because this allegation does not appear in the Complaint or the exhibits thereto, the Court will not consider it.

1273, 1275 (9th Cir. 1993). Indeed, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quoting *Jablon*, 614 F.2d at 682)); *see also Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The accrual of a claim for purposes of A.R.S. §12-543 depends on the terms of the oral agreement. If the loan agreement is silent as to the time for repayment, then the claim accrues immediately upon the making of the agreement. *Estate of Musgrove*, 696 P.2d at 723-24. If the agreement provides that the borrower will repay "when financially able" or other similar terms of repayment that are truly conditional, then the claim accrues when the condition is met. *Estate of Page*, 865 P.2d 128, 134-35 (Ariz. Ct. App. 1994).

Ms. McMillan does not allege the repayment terms of the oral agreement in her Complaint. The Court therefore cannot determine either way from the face of the Complaint when the claim accrued. If the Court cannot determine that the statute of limitations has run from the face of the complaint, it cannot grant a motion to dismiss. *See Jablon*, 614 F.2d at 677.

Even if the Court assumed for the purposes of this motion that the agreement was silent as to repayment and the claim therefore accrued more than three years before filing,[2] the Court still could not grant the motion to dismiss. Because even where the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez*, 138 F.3d 393 at 402 (internal quotations omitted). And under Arizona law, a defendant's acknowledgment of a debt can remove the statute of limitations bar. *Bulmer v. Belcher*, 527 P.2d 1237, 1239 (Ariz. Ct. App. 1974).

---

[2]The Court makes no finding at this time regarding the terms of the alleged January 2003 loan.

- 4 -

1  Ms. McMillan has at least alleged that Mr. Edwards acknowledged his debt under the
2  January 2003 loan on multiple occasions. (Compl. ¶7). Ms. McMillan's allegations of
3  acknowledgment could make her claim timely even if the claim accrued in January of 2003.
4  The Court cannot grant the motion to dismiss on the face of the Complaint for this additional
5  reason.
6  Accordingly,
7  IT IS ORDERED DENYING  Defendants/Counter-Plaintiffs' Motion to Partially
8  Dismiss (Doc. #32).
9  DATED this 16th day of April, 2008.

James A. Teilborg
United States District Judge